UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN K. MCELROY, | ) | CASE NO. 1:22-CV-1970 |
| Plaintiff, | ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| MADISON TOWNSHIP POLICE DEPARTMENT, *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

I. INTRODUCTION

*Pro se* Plaintiff Brian K. McElroy, a pretrial detainee confined in the Brevard County Jail Complex in Cocoa, Florida, has filed an *in forma pauperis* prisoner civil rights complaint in this matter pursuant to 42 U.S.C. § 1983 naming four defendants: (1) Officer Shannon, an officer with the Madison Township Police Department in Lake County, Ohio; (2) Sergeant Zachary Ropos, a Sergeant with the Lake County Sheriff's Office; (3) Sheriff Frank Leonbruno, the Sheriff of Lake County; and (4) Charles E. Coulson, a Lake County Prosecutor. (ECF No. 1 at 2–3.) Plaintiff originally filed his complaint in the District Court for the Northern District of Florida, which transferred the action here. (ECF No. 4).

In his complaint, Plaintiff contends he was falsely arrested, and his rights were violated in connection with multiple "criminal proceedings" against him in Lake County. (ECF No. 1 at 12, citing Lake County criminal cases 21 CR 000115, 21 CR 000509, 21 CR 000510, 21 CR 000932, 21 CR 001374, and 21 CR 001375.) Plaintiff's complaint, which consists of a form complaint interspersed with various handwritten pages, is rambling and unclear. It does not set forth cogent, specific allegations as to each defendant concerning specific rights violations in the state criminal

1

cases. Instead, the complaint consists of a litany of disconnected, unclear, and conclusory complaints of error and mistreatment. Among other things, Plaintiff alleges that Sergeant Ropos committed perjury by giving conflicting testimony regarding the circumstances of his arrest at a preliminary hearing (ECF No. 1 at 4); Prosecutor Coulson "ignored and denied" the conflicting testimony and his "motions for polygraph test, DNA & fingerprints" (*Id*.); Defendants Ropos, Shannon, and Coulson acted outside of their duties and were "extremely bias[ed] and discriminating against [him]" (*Id*. at 6); and he went to jail on drug and firearm charges that he should not have been arrested for (*Id.* at 6, 8, 10).

Plaintiff seeks damages and other relief, including return of property he contends was taken from him. *Id*. at 17, ¶ 6. Plaintiff also requests that criminal charges be brought against Defendants. *Id*.

On February 8, 2023, Plaintiff filed a "Notice to Amend" in the case. (ECF No. 6.) This notice is also unclear, and Plaintiff did not submit a proposed amended pleading with it. Plaintiff appears to ask the Court to consolidate this civil action with another action he has filed in federal court seeking a writ of habeas corpus.

## II. STANDARD OF REVIEW AND DISCUSSION

Plaintiff is proceeding *in forma pauperis* and seeks relief from government employees, so his complaint is subject to initial screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). These statutes require the Court to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental entities, officers, or employees, and dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with §§ 1915A and 1915(e)(2)(B).

First, although a complaint filed by a *pro se* plaintiff is "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the lenient treatment generally accorded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations, or create claims, on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To avoid a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470–71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A and 1915(e)(2)(B)).

Even affording the complaint the deference to which a *pro se* pleading is entitled, the statements and assertions set forth in the complaint are so vague, unclear, and conclusory that they fail to meet basic pleading requirements or state plausible federal claims against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Second, even if the complaint alleged a cogent federal claim or claims, such claims are not cognizable in a § 1983 action under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a state prisoner is precluded from raising

claims in a civil rights action under § 1983 if a judgment on the merits of those claims would affect the validity of a state conviction or sentence, unless and until the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. *Heck* applies whether a plaintiff seeks damages or other equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Here, whatever Plaintiff's federal claims against the Defendants specifically are, they necessarily pertain to and challenge the validity of state-court convictions and/or proceedings, but he has not alleged or demonstrated that his convictions or his imprisonment have been invalidated or called into question in any of the ways articulated in *Heck*. Accordingly, under *Heck*, any claims Plaintiff purports to assert under § 1983 are non-cognizable.

Further, to the extent the state criminal proceedings of which Plaintiff complains may still be pending, his complaint fails to state a claim over which this Court may exercise jurisdiction. Federal courts must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Federal abstention is appropriate where: (1) state proceedings are ongoing, (2) state proceedings implicate important state interests, and (3) state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003).

This Court must abstain from hearing any claim Plaintiff purports to assert relating to any still pending or ongoing state criminal proceeding. *See Leveye*, 73 F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43–45); *Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, at *6 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

To the extent Plaintiff seeks to challenge the validity of a state conviction or sentence and seeks immediate or speedier release, his sole federal remedy is a petition for a writ of habeas corpus, which is not properly asserted in this civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* in this matter (ECF No. 2) is **GRANTED**, and his complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: February 21, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**